Eligio CEDEÑO, Cedel International Investment, Plaintiffs–Appellants,

ABC, Plaintiff,

v.

Adina Mercedes Bastidas CASTILLO, Alhambra Investments LLC, Ruben Rogelio Idler Osuna, Juan Felipe Lara Fernandez, Intech Group, Incorporated, Domingo Martinez, Jose Jesus Zambrano Lucero, Werner Braschi, Defendants–Appellees,

Consorcio Microstar, Gustavo Arraiz, Corporate John Doe Defendants 1–10, Individual John Doe Defendants 1–30, Maigualida Angulo, Alfredo Pardo Acosta, Maria Espinoza De Robles, Edgar Hernandez Behrens, Julian Isaias Rodriguez Diaz, Ricardo Fernandez Barrueco, Gonzalo E. Vazquez Perez, Pedro Carreno, Def, Defendants.

No. 10–3861–cv.

United States Court of Appeals, Second Circuit.

Jan. 25, 2012.

Jerome M. Marcus, Marcus & Auerbach LLC, Jenkintown, P.A. (Jonathan Auerbach, Marcus & Auerbach LLC, Jenkintown, P.A., Thomas E.L. Dewey, Dewey Pegno & Kramarsky LLP, New York, N.Y., Paul D. Clement, Jeffrey S. Bucholtz, Zachary D. Tripp, King & Spalding LLP, Washington, D.C., on the brief), for Plaintiffs–Appellants.

Robert B. Buehler (Dennis H. Tracey, III, Lisa J. Fried, on the brief) Hogan Lovells U.S. LLP, New York, N.Y., for Defendant–Appellee Adina Mercedes Bastidas Castillo.

Paul E. Dans, Rivero Mestre, LLP, New York, N.Y., Andres Rivero, Catherine C. Grieve, Erimar von der Osten, Rivero Mestre LLP, Miami, F.L., for Defendants–Appellees Alhambra Investments LLC and Juan Felipe Lara Fernandez.

Carlos F. Gonzalez (Michael Diaz, Jr., Gary E. Davidson, Margaret T. Perez, on the brief) Diaz Reus & Targ, LLP, Miami, F.L., for Defendant–Appellee Ruben Rogelio Idler Osuna.

Norman A. Moscowitz, Moscowitz & Moscowitz, P.A., Miami, F.L., for Defendant–Appellee Jose Jesus Zambrano Lucero.

Lewis S. Yelin, Attorney, Appellate Staff, Civil Division (Douglas N. Letter, Attorney, Appellate Staff, Civil Division, on the brief) for Tony West, Assistant Attorney General, U.S. Department of Justice, Washington, D.C. (Jesse M. Furman, Assistant United States Attorney, Benjamin H. Torrance, Assistant United States Attorney, for Preet Bharara, United States Attorney for the Southern District of New York, on the brief), for United States as Amicus Curiae in support of no party.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN, B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellants Eligio Cedeño and Cedel International Investment Ltd. (Collectively "Cedeño") appeals from an order and partial final judgment entered on September 13, 2010, by the United States District Court for the Southern District of New York (Rakoff, *J.*), dismissing his case as to the defendants-appellees for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P. Cedeño's complaint alleges that the defendants are liable under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, for harm caused to him by their associated enterprise and its pattern of racketeering, particularly money laundering in violation of 18 U.S.C. § 1956 and extortion in violation of 18 U.S.C. § 1951. By opinion dated August 24, 2010, the district court held that Cedeño's complaint alleged an extraterritorial violation of RICO that the statute did not reach. We assume the parties' familiarity with the facts and procedural history of the case.

"We review *de novo* a district court's dismissal for failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6), assuming all well-pleaded, non-conclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir.2010). A district court's refusal to grant leave to amend is reviewed for abuse of discretion. *ATSI v. Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir.2007).

■ On appeal, Cedeño raises principally three arguments. First, he contends that his claim fits within the scope of RICO's domestic application because it alleges conduct in the United States that is within RICO's "focus." *See Morrison v. Nat'l Austl. Bank Ltd.*, — U.S. —, ——, 130 S.Ct. 2869, 2884, 177 L.Ed.2d 535 (2010) ("*Morrison*") (holding that to determine whether a complaint alleges a claim within a statute's domestic ambit, courts should consider if the alleged conduct in or contact with the United States is within the statute's "focus," meaning "the object[ ]" of the statute's "solicitude" or what the "statute seeks to regulate") (internal quotation marks omitted). This argument lacks merit. Regardless of whether RICO is found to focus on domestic enterprises, as the district court held, or on patterns of racketeering, as Cedeño contends it should be, the complaint here alleges inadequate conduct in the United States to state a domestic RICO claim. *See Norex Petroleum Ltd. v. Access Indus., Inc.*, 631 F.3d 29, 33 (2d Cir.2010) (*per curiam*) (finding that the "slim contacts" with the United States alleged by plaintiff were "insufficient to support extraterritorial application of the RICO statute"). Accordingly, it is unnecessary for us to decide what constitutes the "object[ ]" of RICO's "solicitude." *Morrison*, 130 S.Ct. at 2884.

■ If an enterprise must be located in the United States for a private plaintiff to bring a domestic RICO claim, then Cedeño's complaint was rightfully dismissed as the enterprise he alleges is almost exclusively Venezuelan. The parties dispute what standard this Court should use when determining the locus of an enterprise, but under any of the proposed standards the association-in-fact enterprise alleged here—comprised of various components of the Venezuelan government—is patently foreign.

Alternatively, even if this Court adopted the "pattern of racketeering" focus advocated by Cedeño and the government, it would still affirm the district court's decision. The only connection between (1) the pattern of racketeering that Cedeño alleges occurred in the United States (money

laundering) and (2) the injuries he sustained (imprisonment and interference with his assets) is that members of the Venezuelan Government used the Microstar Transaction as a pretext for his subsequent arrest. Thus, Cedeño fails to allege that the domestic predicate acts proximately caused his injuries. *See Hemi Grp. LLC v. N.Y.C.,* —— U.S. ——, ——, 130 S.Ct. 983, 991, 175 L.Ed.2d 943 (2010) ("[T]he compensable injury flowing from a [RICO] violation ... necessarily is the harm caused *by [the] predicate acts.*") (internal quotation marks omitted) (alterations in original) (emphasis added); *Holmes v. Secs. Investor Prot. Corp.,* 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992) (explaining that proximate cause, for the purposes of RICO, requires "some direct relation between the injury asserted and the injurious conduct alleged").

Second, Cedeño asserts that even if his complaint does not allege a domestic RICO violation, his claims should not have been dismissed because the predicate offenses on which they are based—18 U.S.C. §§ 1951 and 1956(f)—apply extraterritorially, and RICO incorporates these statutes. This argument is foreclosed by *Norex,* 631 F.3d 29, where this Court declined to link the extraterritorial application of RICO to the scope of its predicate offenses. *Id.* at 33 (holding that RICO is inapplicable extraterritorially even though statutes defining some of its predicate offenses explicitly apply abroad).

Third, Cedeño avers that the district court erred by denying his request—in his supplemental reply brief submitted to the district court—to "replead the U.S. contacts with greater particularity." Pl. Br. at 50 (quotation marks omitted). But Cedeño never provided the district court with

any details as to how he might remedy his deficient complaint in light of *Morrison.* Nor does he on appeal, aside from reciting "recent factual developments" that occurred *after* the district court entered judgment. *Id.* at 51. Accordingly, the district court did not abuse its discretion in denying Cedeño's request. Nevertheless, Cedeño argues this Court should vacate and remand in light of the "change in law" effected by *Norex* and "recent factual developments that bring [ ]his case more clearly within the domestic application of RICO." *Id.* at 51, 52. But Cedeño was on notice of the territorial deficiencies in his complaint well before *Norex,* because several of the defendants raised extraterritoriality as a basis for dismissal, even before the Supreme Court entered its decision in *Morrison.* Moreover, Cedeño's reliance on "recent factual developments" is misplaced. If the defendants committed additional RICO violations after Cedeño filed his notice of appeal, he remains free to initiate a second action. Thus, we reject Cedeño's request to remand with instructions to permit the filing of an amended complaint.

We have considered all of Cedeño's remaining arguments and find them to be without merit. Accordingly, for the reasons stated above, the judgment of the district court is **AFFIRMED.**